United States District Court
Southern District of New York

RECEIVED
SDNY PRO SE OFFICE
2016 JAN -5 AM 9:41

William Escalera,
   Plaintiff

-vs.-

Dept. of Homeless Services
Samaritan Village.
   Defendant

Civil Action No.

Complaint under the Civil Rights Act 42 U.S.C. §1983.

State of New York ) ss:
County of New York )

**16CV0079**

I, William Escalera, being duly sworn, deposes and says:

I am the petitioner in the Above-Entitled Caption. I make this Civil Rights Act 42 U.S.C. §1983 Complaint and I am personally familiar with the facts and circumstances herein stated.

I am a detainee presently being detained at MDC-125 White Street, New York, N.Y. 10013. Herein considered the County of New York.

Whereupon I am personally familiar with all of the facts and statements herein to the best of knowledge and belief. I am a layperson in the matters of law and seek this Court's indulgence for errors, defects, and faults.

On the 15th Day of December 2015, a call was made to attorney Amelia McGovern from the Legal Aid Society stating to her that I would not testify at a Grand Jury because I had learned that I was not being held due to the actual offense but that of my past felony Ind. # 2624/03 Robbery in the 2nd Degree. I was summoned to Court on the 16th Day of December, 2015 in Part F where I sat and seen no one. On the 17th Day of December, 2015 was my 180.80 Day I was given her card again with instructions written on back of card, which room to go to in order to get carefare in case of my release, if no-one shows up to press charges or testify against me. At approximately 4:30 P.M. a Court officer/Correctional officer came and stated to me that I have been indicted due to me having a previous felony. My next Court Date is the 28th of January, 2016 and my bail still stands at $50,000 as of this date and time. I have a law library (O) Request slip which states I have no warrant or indictment.

On the 18th Day of December, 2015 a call was placed to attorney Amelia McGovern stating that her services are terminated due to her not making my motions, not competent, caring, effective or energetic enough in preparation for my defense and her conflict in interest with District Attorney and Judge.

On the 17th Day of December, 2015 During my $180.80 Day Court Appearence I Asked Attorney Amelia McGovern from the Legal Aid Society about the Defendants identities, names and So Forth. She Stated to me that she was not allowed to give out that information, nor did she have it. This is reason enough to believe why I do not have any of the defendants names from Smithtown Village, Mens Shelter.

A Notice of Motion for reassignment of Counsel (was mailed) out, Along with A Habeas Corpus Writ (Order) to Show Cause Article 78 Petition of The Civil Practice Law and Rules, Notice of Application for reduction of Bail, Notice of Motion Pursuant to CPL § 160.50 (A),(B),(C),(D) for records of Past felony to be Sealed, And to Set Aside Sentence pursuant to CPL § 440.20 Along with Motions which I have Stated within this Civil Rights Act 42. U.S.C § 1983.

Sincerely Yours!

William Estelone
B: C# 3491514126
MDC-125 White Street
New York, New York, 10013

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

William Escalera )
Plaintiff )
v. )
Dept. of Homeless Services ) Civil Action No.
Defendant )
Samaritan Village )

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| William Escalera | William Escalera | 12/25/15 |
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: 12/20/15

_____
District Judge's signature

_____
Printed name and title

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

William Escalera
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Dept. of Homeless Services Samaritan
Village
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes ☐ No
(check one)

I. **Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name William Escalera
            ID # 349181A126
            Current Institution Manhattan Detention Center
            Address 125 White Street
                    New York, New York 10013

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name _____ Shield # _____
                  Where Currently Employed _____
                  Address _____

| Defendant No. 2 | Name _____ Shield #_____ |
| --- | --- |
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

| Defendant No. 3 | Name _____ Shield #_____ |
| --- | --- |
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

| Defendant No. 4 | Name _____ Shield #_____ |
| --- | --- |
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

| Defendant No. 5 | Name _____ Shield #_____ |
| --- | --- |
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

II. **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?
Samaritian Village - Mens Shelter 223 E. 33rd Street. The events occurred in the intake area. New York, New York 10022

B. Where in the institution did the events giving rise to your claim(s) occur?
the intake area where you sign for your bed.

C. What date and approximate time did the events giving rise to your claim(s) occur?
December 11, 2015, at approximate 9:30 to 10:00 pm.

**D. Facts:**

*What happened to you?*
*Who did what?*
*Was anyone else involved?*
*Who else saw what happened?*

On this date and time I entered the Shelter in hopes to sign for Bed (529) and go upstairs to sleep. After my coming from work with Safelink— giving out free phones to those in need of them. I was given directive that morning at approximately 8:30 am to see my therapist at the Family Health Institute located at 119 partridge Ave New York. I was accused by counselor and 2 security guards that I was intoxicated and that I was not allowed inside. I was then shoved to the floor where my upper lip on right side has been cut, busted my right knee and fingers has cuts and bruises as well my left side of ribs was repeatedly stomped / kicked. I laid on floor by the door and metal detector until the ambulance and arresting officer (Bum is Jewk of the 67th Precinct arrived #95497). I was taken to hospital where I received 3 stitches for upper lip, medication for my seizures. Then I was carried out, arrested and charged with (assault (2) § 120.05). There is no video nor is this a program only a meds shelter.

**III. Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

As I stated up above I received 3 stitches for upper lip, cut, right side, bruises for the cut and bruises to the right hand and fingers and seizure medication (Levetiracetam 500 mg), and a few Aspirins for the pain to my ribs.

**IV. Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ___ No ✓

*Rev. 05/2010*

3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____ No ✓ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____ No ✓ Do Not Know ____

If YES, which claim(s)? _____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____ No ✓

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ✓

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1. Which claim(s) in this complaint did you grieve? _____
_____

2. What was the result, if any? _____
_____

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _____
_____
_____
_____

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here: This incident did not happen in prison but at Sheller as I stated in the beginning of this procedure, where my clothing Identification and money was taken by staff at this facility, Sheller. After 30 days my belongings will be disposed of and I will not be released from prison in time to claim my property

2. If you did not file a grievance but informed any officials of your claim, state who you informed,

Rev. 05/2010

4

when and how, and their response, if any. I filed intention to file Attorney Amelia McCreery of the Legal Aid Society who no longer is on the case because I filed this motion with District attorney and judge in this matter located at Supreme Court 100 Centre

G. 9. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I was convicted and sent back to prison after my 180.80 day due to my past felony of robbery in the Second Degree P.L. 160.105 Dkt # 2324/03 where I was acquitted of assault but there was 2 co-defendants in this case. I served 19 yrs sentence and was resentence to 5yrs PRS. my PRS ended April 13, 2016.

**Note:** You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I respectively would like this Court to award me $752.75 for my property that was lost, taken or damaged in this incident. return my Identification and cash that was stored in the pocket inside of Black coat along with my medication and cosmetics that was stored inside of Black backpack that was left in the intake area on 12/11/15. All the clothing, cosmetics, medication, sneakers, shoes, boots, that was stored in locker 529.
I would also like this court respectively to dismiss these charges I'm being detained under because it is unlawful to hold someone im prisoned due to their past felony and have no substantial evidence on there previous charge such as breathalizer, video recording, ETC.

VI. **Previous lawsuits:**

On these claims

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ✓  No

## V. Relief

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount.)

I respectively would like for this Court to award me an additional $1,000 of monetary compensation, for starters. Samaritan Village Men's Shelter located at 225 E. 53rd, Manh. New York, on 3rd Avenue, N.Y. 10022 is no longer under the policy of a Drug Treatment program, where there are clients living inside smoking K-2, marijuana, crack, cocaine, and shooting needles, that are found in sleeping quarters and restroom areas, under the Dept. of Homeless Services. This is a shelter for men who are looking for assistance in housing. The Link program, or YMCA until affordable housing is available to them. I am incarcerated under accusations of intoxication and assault (2) where there is no proof of these allegations. I have proof that I was a victim of assault. Hospitalization I.D. from New York Presbyterian 12/11/15 (M 416164872) (6030986) (4/27/69)

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff William Escalera

Defendants People of the State of New York

2. Court (if federal court, name the district; if state court, name the county) 100 Centre Street (Part 61) New York, New York 10013

3. Docket or Index number 2015 NY080084

4. Name of Judge assigned to your case

5. Approximate date of filing lawsuit the 15th, 18th, 24th December 2015

6. Is the case still pending? Yes ✓ No ___

   If NO, give the approximate date of disposition No Disposition as of yet.

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) There hasn't been No result as of yet.

[On other claims]

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment? Yes ✓ No ___

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff William Escalera

Defendants Samaritan Village, DHS 225 E. 53rd Street, New York, NY 10022.

2. Court (if federal court, name the district; if state court, name the county) Office of the New York City Comptroller, 1 Centre Street, New York,

3. Docket or Index number New York 10007, DH1 # 2015NY080084

4. Name of Judge assigned to your case

5. Approximate date of filing lawsuit 12/18/15

6. Is the case still pending? Yes ✓ No ___

   If NO, give the approximate date of disposition No Disposition as of yet.

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) As noted the date up above there has been No result as of yet.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 25th day of December, 2015

Signature of Plaintiff: William Escalera

Inmate Number: 349151426

Institution Address: Manhattan Detention Center
123 White Street
New York, New York 10013

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 25 day of December, 2015 I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: William Escalera

*Rev. 05/2010*

7

**THE LEGAL AID SOCIETY**

Amelia McGovern
*Staff Attorney*
*Criminal Defense Practice*

49 Thomas Street, NY, NY 10013
T: (212) 298-5286  F: (646) 616-4286
amcgovern@legal-aid.org

please
give a
metrocard
- Released
80.80.

Rm 129
    130

60309986 ESCALERA, WILLIAM 04/27/1969 M
12/11/15 416164872

NewYork-Presbyterian

60309986 ESCALERA, WILLIAM 04/27/1969 M
12/11/15 416164872

# Law Library
# GO Request Slip

Please note this GO service is done by **Courtesy** and allow 24 to 48 hours for delivery.

PRINT NAME: William Escalera

BOOK&CASE# 3491514126

HOUSING AREA: 6 West

DATE: 12/26/15

| | | |
|---|---|---|
| Top Charge | 120.05 | |
| Docket# | | |
| ✓ Indictment# | None | |
| ✓ Next Court Date | Jan 28 | |
| ✓ Court Part | 61 | |
| Bail | | |
| Bond | | |
| Warrant | | |

Ms. Williw Cushew-Aubeen L. BOP# 34915141-2
Atl: 125 White Street
New York, New York 10013

[USM P3 SDNY]

Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: New York v. Aubeen et al, 14 CV 9252 ART

RECEIVED
SDNY PRO SE OFFICE
2015 JAN -5 AM 9:41