UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM ESCALERA,<br><br>                        Plaintiff,<br><br>        -against-<br><br>DEPARTMENT OF HOMELESS SERVICES<br>SAMARITAN VILLAGE,<br><br>                        Defendant. | 16-CV-0079 (LAP)<br><br>16-CV-0645 (LAP)<br><br>ORDER |
| WILLIAM ESCALERA,<br><br>                        Plaintiff,<br><br>        -against-<br><br>DEPARTMENT OF HOMELESS SERVICES<br>SAMARITAN VILLAGE MEN'S SHELTER,<br><br>                        Defendant. | |

LORETTA A. PRESKA, United States District Judge:

      By order and judgment dated May 9, 2016, and entered on May 11, 2016, the Court dismissed both of these *pro se* actions without prejudice under 28 U.S.C. § 1915(g), subject to reopening if Plaintiff paid the relevant fees to commence these actions within thirty days.[1] Plaintiff did not pay the relevant fees. But on May 31, 2016, the Court received a motion from Plaintiff that was filed and docketed in both actions. (16-CV-0079 (LAP), ECF No. 8; 16-CV-0645 (LAP), ECF No. 5.) In that motion, Plaintiff asks the Court to order the defendants to pay him $50,000, and appears to challenge the Court's dismissals of these actions; he attached a notice of appeal to his motion. (16-CV-0079 (LAP), ECF No. 8, at 8; 16-CV-0645 (LAP), ECF

---

[1] Plaintiff, who is currently held in the Brooklyn Detention Complex, is barred under § 1915(g) from filing federal civil actions *in forma pauperis* while he is a prisoner unless he is under imminent danger of serious physical injury.

No. 5, at 8.) Plaintiff thereafter filed submissions in both actions where he challenges the Court's dismissals of these actions. (16-CV-0079 (LAP), ECF Nos. 9-10; 16-CV-0645 (LAP), ECF Nos. 6-7.) In one of those subsequently filed submissions in *Escalera v. Dep't of Homeless Serv. Samaritan Village Men's Shelter*, No. 16-CV-0645 (LAP), Plaintiff attached forms that are captioned for filing in the United States Court of Appeals for the Second Circuit. (ECF No. 6, at 17-25.)

## DISCUSSION

**A.     Notice of appeal and Second Circuit filings**

The Court directs the Clerk of Court to detach Plaintiff's notice of appeal from his May 31, 2016 motion (16-CV-0079 (LAP), ECF No. 8, at 8; 16-CV-0645 (LAP), ECF No. 5, at 8) and file it in both actions as a notice of appeal, with a file date of May 31, 2016. The Court further directs the Clerk of Court to detach the forms captioned for the Second Circuit from one of Plaintiff's submissions (16-CV-0645 (LAP), ECF No. 6, at 17-25) and file the forms in both actions separately, with a file date of June 16, 2016.

**B.     Motion for postjudgment relief**

The Court construes Plaintiff's motion as one to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure and as one for reconsideration under Local Civil Rule 6.3. The Court further construes Plaintiff's subsequently filed submissions as supplements to that motion. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him"). For the reasons discussed below, the Court denies the motion.

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked controlling decisions or factual matters that had been previously put before it. *Id.* at 509; *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation marks and citation omitted).

While the filing of a notice of appeal normally divests a district court of jurisdiction as to an action, a postjudment motion pending in a district court after a notice of appeal has been filed may be adjudicated by the district court so long as the motion is denied. *See Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992); *see also* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of [*inter alia,* a Rule 59(e) motion] – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

Plaintiff has failed to demonstrate that the Court has overlooked controlling decisions or factual matters that would cause the Court to vacate its May 9, 2016 order and judgment in both actions. The Court therefore denies Plaintiff's May 31, 2016 motion.

## CONCLUSION

The Court directs the Clerk of Court to detach Plaintiff's notice of appeal from his May 31, 2016 motion (16-CV-0079 (LAP), ECF No. 8, at 8; 16-CV-0645 (LAP), ECF No. 5, at 8) and file it in both actions as a notice of appeal, with a file date of May 31, 2016. The Court further directs the Clerk of Court to detach the forms captioned for the Second Circuit from one of Plaintiff's submissions (16-CV-0645 (LAP), ECF No. 6, at 17-25) and file the forms in both actions separately, with a file date of June 16, 2016.

The Court construes Plaintiff's May 31, 2016 motion (16-CV-0079 (LAP), ECF No. 8; 16-CV-0645 (LAP), ECF No. 5) as one to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure and as one for reconsideration under Local Civil Rule 6.3. The Court further construes Plaintiff's subsequently filed submissions (16-CV-0079 (LAP), ECF Nos. 9-10; 16-CV-0645 (LAP), ECF Nos. 6-7) as supplements to that motion. The Court denies the motion.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed not to accept any further submissions from Plaintiff in these actions, with the exception of a notice of appeal.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 3, 2016
         New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
United States District Judge

.